UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD DEFAZIO and
RLD TECHNOLOGIES, INC.,
Plaintiffs,

v. C.A. No. 2005-180-S

EXPETEC CORPORATION,
Defendant.

**DEFENDANT'S FILING PURSUANT TO LOCAL RULE 36(b)
AND GENERAL ORDER #2003-01**

Defendant Expetec Corporation ("Expetec") files the following documents in this litigation which was removed pursuant to 28 U.S.C. § 1446(a):

Tab A: Expetec's Notice of Removal;

Tab B: A certified copy of the Rhode Island Superior Court's Docket Sheet; and

Tab C: Certified copies of the Superior Court's record, consisting of the (1) the Complaint, (2) the Civil Cover Sheet and (3) Notice of Filing of the Notice of Removal.

EXPETEC CORPORATION

By Its Attorneys,

Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Joanne H. Turner
Mackall Crounse & Moore, PLC
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
(612) 305-1400
(612) 305-1414 (Fax)

Dated: April 28, 2005

3

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD DEFAZIO and
RLD TECHNOLOGIES, INC., :
Plaintiffs, : CA 05 180 S
v. : C.A. No. 2005-
:
EXPETEC CORPORATION f/k/a :
COMPUTER DOCTOR INTERNATIONAL, INC., :
Defendant. :

FILED APR 28 2005 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Expetec Corporation hereby removes the above-captioned action to the United States Court for the District of Rhode Island and respectfully states as follows:

1. This action is removable pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because this Court has original diversity jurisdiction.

2. On April 5, 2005, Plaintiff filed a Complaint commencing this action in Rhode Island Superior Court (Providence County). (*See* Richard DeFazio and RLD Technologies, Inc. v. Expetec Corporation f/k/a Computer Doctor International, Inc., C.A. No. 05-1707).[1]

3. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches as Exhibit "A", copies of all process and pleadings on file in the Rhode Island Superior Court (Providence County).

4. Plaintiff Richard DeFazio is a resident of the State of Rhode Island, and Plaintiff RLD Technologies, Inc. is a Rhode Island corporation with its principal place of business in Rhode Island.

---

[1] On April 12, 2005, Plaintiffs served the Complaint and Summons on the Rhode Island Department of Business Regulations. Defendant reserves the right to contest the sufficiency of service of process.

5. Defendant Expetec Corporation is a citizen of South Dakota, which is the state of its incorporation and its principal place of business.

6. The Complaint alleges damages against Defendant in excess of $75,000.00, exclusive of interest and costs.

7. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

8. Written notice of the filing of this Notice of Removal will promptly be given to Plaintiffs and will be filed with the Clerk of the Rhode Island Superior Court (Providence County), as provided by 28 U.S.C. § 1446(d).

9. Defendant expressly reserves any and all defenses which may be available to it in this action.

EXPETEC CORPORATION

By Its Attorneys,

Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Joanne Turner
Mackall Crounse & Moore PLC
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
(612) 305-1400
(612) 305-1414 (Fax)

Dated: April 28, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2005, I mailed a true copy of the within Notice of Removal via first-class mail, postage prepaid to:

R. Park Palmer, Jr., Esq.
Kaplan & Kolb, Inc.
1100 Turks Head Building
Providence, RI 02903

Steven M. [illegible]

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS PAGE 1
RHODE ISLAND JUDICI... SYSTEMS AND SCIENCES DATE 04/28/2005
SUPERIOR COURT CIVIL INFORMATION SYSTEM

## DOCKET EVENT LISTING

CASE NO.: PC2005 1707 TYPE CONTRACT DAMAGES
TITLE: RICHARD DEFAZIO V EXPETEC CORPORATION
FILING DATE: 04-05-2005 ASSIGNED TO TRIAL POOL:
DESIGNATED TO ARBITRATION:

| | | | |
|---|---|---|---|
| COMPUTER DOCTOR | BDF | Unknown,Attorney | AOR |
| DEFAZIO,RICHARD | PLF | Palmer,Robert Park | AOR |
| EXPETEC CORPORATION | BDF | Unknown,Attorney | AOR |
| INTERNATIONAL INC | BDF | Unknown,Attorney | AOR |
| RLD TECHNOLOGIES INC | BPL | Palmer,Robert Park | AOR |

| DOC. ID. | DATE | JUDGE | OUTCOME | EFFECTIVE DATE |
|---|---|---|---|---|
| LSB | 04-05-2005 | | | |
| COMPLAINT FILED | | | | |
| JM | 04-28-2005 | | | |
| NOTICE OF REMOVAL | | | | |
| JM | 04-28-2005 | | | |
| CASE REMOVED TO U.S. DISTRICT CT | | | | |

rue Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
...rovidence, Rhode Island

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

| | | |
|---|---|---|
| **RICHARD DEFAZIO; and RLD TECHNOLOGIES, INC** | : | |
| **Plaintiffs** | : | |
| **v.** | : | **C.A. No.** PC05-1707 |
| **EXPETEC CORPORATION f/k/a COMPUTER DOCTOR INTERNATIONAL, INC,** | : | |
| **Defendant** | : | |

## COMPLAINT

### I) PARTIES

1) Plaintiff Richard DeFazio is a resident of the State of Rhode Island.

2) Plaintiff RLD Technologies, Inc., is a corporation, incorporated and doing business in the State of Rhode Island.

3) Defendant Expetec Corporation f/k/a Computer Doctor International, Inc. (the "Company"), is, upon information and belief, a corporation, incorporated under the laws of the State of South Dakota, and is in the business of selling franchises in the State of Rhode Island.

### II) FACTS

4) Plaintiffs hereby incorporate by reference paragraphs 1-3 of this complaint as if fully set forth herein.

5) Plaintiffs signed a Franchise Agreement with the Company on or about September 17, 2003, as well as an Addendum to said Franchising Agreement for the State of Rhode Island (the "Agreements") on or about September 24, 2003.

6) The Agreements constituted a legal contract enforceable at law.

7) Pursuant to the Agreements, in exchange for certain Royalty and Marketing Fees paid by Plaintiffs, the Company owed numerous obligations to Plaintiffs, including:

A True Copy Attest
Office of Clerk of Superior Court
Counties of Providence and Bristol
Providence, Rhode Island
SUPERIOR COURT
FILED
APR - 4 2005
PROVIDENCE & BRISTOL COUNTIES
HENRY S. KINCH JR.
CLERK

not limited to, an obligation to perform marketing services for Plaintiffs, an obligation to obtain discounted prices from certain computer supply vendors on Plaintiffs' behalf, and an obligation to provide support and assistance to Plaintiffs to aid them in running their franchise.

8) Plaintiffs have paid all of the Royalty and Marketing Fees which they owed pursuant to the Agreements.

9) The Company has failed to perform any of the above mentioned obligations which it owes to Plaintiff pursuant to the Agreement.

10) Upon signing the Agreements Plaintiffs took out a short term loan from the Company in the amount of $30,273.99.

11) This loan matured on or about September 29, 2004.

12) Based on representations made by the Company or its agents, Plaintiffs were led to believe that they would be able to obtain independent long term financing to cover the balance of this loan before the loan reached its maturity date.

13) Plaintiffs were unable to obtain this long term financing at a reasonable interest rate from any financial institution as they were told that the franchise that they had purchased from the Company was too risky.

14) Upon information and belief no other franchise sold by the Company has been able to obtain the type of long term financing that Plaintiffs were led to believe they would receive.

15) As a result of Plaintiffs' inability to obtain this necessary long term financing they were forced to take out a Home Equity Line of Credit using Plaintiff Richard DeFazio's house as collateral.

16) This possibility was never discussed with our Clients' and was an unacceptable alternative to the representations which were made by either the Company or its agents.

17) As part of the Agreements Plaintiffs were required to purchase a van that had the "Expetec" logo affixed to it.

18) On or about September, 2003 Plaintiffs purchased a service van, or, so-called "Technical Assault Vehicle" (the "Van") from the Company.

19) The cost of the Van was Twenty Two Thousand Five Hundred Dollars ($22,500.00).

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

20) Plaintiffs purchased the Van because the Company or its agents represented to Plaintiffs that the Van would have certain equipment installed in it to enable Plaintiffs to make onsite repairs, including, but not limited to, "a built in custom repair center" that was supposed to be networked.

21) In actuality, the Van had no "custom repair center" and was not networked, making onsite repairs impossible.

22) As a result of their relationship with the Company, Plaintiffs have unnecessarily incurred expenses totaling Eighty Two Thousand Seven Hundred Fifty Four Dollars and Thirty Four Cents ($82,754.34).

**Count I – BREACH OF CONTRACT**

23) Plaintiffs hereby incorporate by reference paragraphs 1-22 of this complaint as if fully set forth herein.

24) By failing to perform its obligations to perform marketing services for Plaintiffs, to obtain discounted prices from certain computer supply vendors on Plaintiffs' behalf, and to provide support and assistance to Plaintiffs to aid them in running their franchise, as provided in the Agreements, the Company has breached its contract with the Plaintiffs.

**WHEREFORE,** the Plaintiffs demands judgment against the Defendant in the sum of $82,754.34 together with interest, costs, and reasonable attorney's fees.

**COUNT II – FRAUD**

25) Plaintiffs hereby incorporate by reference paragraphs 1-24 of this complaint as if fully set forth herein.

26) The Company fraudulently induced Plaintiffs to take out a short-term loan from the Company when the Company or its agents represented to Plaintiffs that obtaining subsequent long-term financing would be obtainable at a reasonable interest rate.

27) The Company or its agents knew this to be a false representation as, upon information and belief, no other franchise sold by the Company has been able to obtain the type of long term financing that our Plaintiffs were led to believe they would receive.

28) But for the Company or its agents false representations Plaintiffs would not have taken out the short-term loan with the Company.

29) As a result of the Company or its agents misrepresentations Plaintiffs were forced to incur unreasonable and unnecessary expenses totaling $82,754.34.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

**WHEREFORE,** the Plaintiffs demands judgment against the Defendant in the sum of $82,754.34 together with interest, costs, punitive damages, and reasonable attorney's fees.

**COUNT III – FRAUD**

30) Plaintiffs hereby incorporate by reference paragraphs 1-29 of this complaint as if fully set forth herein.

31) The company fraudulently induced Plaintiffs to purchase the Van, at a cost of $22,500, when the Company or its agents represented to Plaintiffs that the Van would have certain equipment installed in it to enable Plaintiffs to make onsite repairs, including, but not limited to, "a built in custom repair center" that was supposed to be networked.

32) In actuality, the Van had no "custom repair center" and was not networked, making onsite repairs impossible.

33) The Company or its agents were aware of the fact that the Van had no "custom repair center" and was not networked when they represented to Plaintiffs that the Van would be equipped with these features.

34) There were alternatives to the Van which Plaintiff could have purchased at a significantly lower price.

35) But for the Company or its agents' misrepresentations, regarding the Van's capabilities, Plaintiffs would not have purchased the Van.

**WHEREFORE,** the Plaintiffs demands judgment against the Defendant in the sum of $82,754.34 together with interest, costs, punitive damages, and reasonable attorney's fees.

**COUNT IV – UNJUST ENRICHMENT AND QUANTUM MERUIT**

36) Plaintiffs hereby incorporate by reference paragraphs 1-35 of this complaint as if fully set forth herein.

37) Plaintiffs provided valuable services to the Company, incurring expenses and conferring a benefit onto the Company for which Plaintiffs should be reimbursed.

**WHEREFORE,** the Plaintiffs demands judgment against the Defendant in the sum of $82,754.34 together with interest, costs, and reasonable attorney's fees.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

## COUNT V – PROMISSORY ESTOPPEL

38) Plaintiffs hereby incorporate by reference paragraphs 1-37 of this complaint as if fully set forth herein.

39) The Company or its agents made numerous promises to Plaintiffs, including but not limited to, promises to perform marketing services for Plaintiffs, to obtain discounted prices from certain computer supply vendors on Plaintiffs' behalf, to provide support and assistance to Plaintiffs to aid them in running their franchise, that long-term financing would be easily obtainable at an acceptable interest rate to cover the short-term loan that Plaintiffs had taken out from the Company, and that the Van would have "a built in custom repair center" that was supposed to be networked.

40) All of these promises were made in an attempt to induce Plaintiffs to purchase a franchise from the Company.

41) It was foreseeable that Plaintiffs would rely on these promises when deciding whether to but a franchise from the Company.

42) Plaintiffs did, in fact, to their detriment, rely on the promises made by the Company and purchased a franchise from the Company.

43) As a result of their detrimental reliance Plaintiffs incurred expenses in the amount of $82,754.34.

**WHEREFORE,** the Plaintiffs demands judgment against the Defendant in the sum of $82,754.34 together with interest, costs, and reasonable attorney's fees.

## Jury Trial

Plaintiffs demand a trial by jury on all counts of their complaint.

rue Copy Attest

[signature]

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

Plaintiffs Richard DeFazio and
RLD Technologies, Inc.
By Their Attorneys

R. Park Palmer, Jr., Esq. #6944
Kaplan & Kolb Inc.
1100 Turks Head Building
Providence, RI 02903
Telephone: 401-272-9000
Facsimile: 401-272-9020

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

CIVIL CASE COVER SHEET

# STATE OF RHODE ISLAND SUPERIOR COURT

Case * (Filled in by Clerk's Office) PC05-1707

This form must be filed with each original document that comences a civil proceeding in the Clerk's Office. If the case is a District Court appeal, the form must be filed with the appeal in the District Court and will then be transferred with other documents to the Superior Court.

PLAINTIFFS: Richard DeFazio; and RLD Technologies, Inc.

DEFENDANTS: Expetec Corporation f/k/a Computer Doctor International, Inc.

NATURE OF PROCEEDING — Check the applicable case type under main categories listed below. (check one only)

**District Court Appeal** ☐ Yes (check type below)

| | | |
|---|---|---|
| ☐ AGA Agency appeal | ☐ DTP Deceptive trade practice | ☐ PRN Promissory note |
| ☐ ANT Anti-trust | ☐ EXT Excessive tax | ☐ PRT Partition |
| ☐ ASB Assault and battery | ☐ FOR Forfeiture | ☐ RIC Reinstate charter |
| ☐ BKA Book account | ☐ FRJ Foreign Judgment | ☐ RLP Real property |
| ☐ CIC Criminal inj. compensation | ☐ IDV Personal inj./property dam-vehicle | ☐ ROF Recovery of funds |
| ☐ CLA Common law assignment | ☐ INR Injunctive relief | ☐ SAB Sexual abuse |
| ☐ CLL Common law lien | ☐ IPL Interpleader | ☐ SPP Specific performance |
| XX CON Contract | ☐ LIB Libel/slander | ☐ SXH Sexual harassment |
| ☐ CNV Conversion | ☐ MLE Malpractice/legal | ☐ TAE Trespass and ejectment |
| ☐ CRC Criminal conversation | ☐ MME Malpractice/medical | ☐ TCO Title clearing (other than tax title) |
| ☐ CRJ Civil Rights Job Discrimination | ☐ MOT Malpractice/other | ☐ TCT Trustee/appt convey title |
| ☐ DEJ Declaratory judgment | ☐ PDM Property damage | ☐ TRA Trustee/accounting |
| ☐ DIN Recovery of damages/insurance | ☐ PDV Property damage / vehicle | ☐ UNM Uninsured motorist |
| ☐ DOJ Debt on judgment | ☐ PER Personal injury | ☐ WOM Mandamus. Writ of |
| ☐ DPC Denial of probate claim | ☐ PIV Personal injury-vehicle | ☐ WOR Replevin, Writ of |
| ☐ Other than above (specify type): | ☐ PRL Product liabilty | ☐ WRD Wrongful death |

MISCELLANEOUS PETITIONS

| | | |
|---|---|---|
| ☐ AOD Assessment of damages | ☐ EDP End partnership | ☐ PFR Petition for review |
| ☐ AOS Trustee successor | ☐ FOC Forfeiture of charter | ☐ PFS Perform surgery |
| ☐ AOT Trustee / appointment of | ☐ FRR Forclosure of right redemption | ☐ PIN Pet for inventory (wire tap) |
| ☐ ARA Arbitration award | ☐ GJI Grand jury investigation | ☐ PTD Pet to take deposition |
| ☐ CAR Arbitration /confirm | ☐ HAC Habeas corpus | ☐ PTE Petition to expunge |
| ☐ CFC Confirm compromise | ☐ LCN Level of community notification | ☐ R5A Rule 5A petition |
| ☐ CND Condemnation | ☐ MAW Material witness | ☐ REC Receivership |
| ☐ CNT Contempt | ☐ MEL Mechanics lien | ☐ RTA Arbitration referral |
| ☐ DOC Dissolution of corp. | ☐ OSW Out of state witness | ☐ SVP Sexually violent predator petition |
| ☐ DOT Trustee / declination of | ☐ PCR Post conviction relief | ☐ TCL Title clearing (tax title) |
| ☐ DSC Disclaimer | ☐ PFC Petition for constable | ☐ TLF Foreclosure / tax lien |
| ☐ Other than above (specify type): | ☐ PFI Petition for immunity | ☐ VAR Arbitration / vacate |

PROBATE APPEALS

☐ WIL Will ☐ TRS Trust ☐ GRD Guardianship ☐ NAC Name change

☐ Other than above (specify type):

Is this a case that may require a trial for resolution? XX Yes ☐ No If yes: XX Jury or ☐ Non-jury

( Attorney name and Registration # R. Ryan Bauer #6 ... (Date)

Pro se/Name

SUPERIOR COURT FILED APR - 4 2005 PROVIDENCE/BRISTOL COUNTIES HENRY S. KINCH, JR. CLERK

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

11C5C1#

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

RICHARD DEFAZIO and
RLD TECHNOLOGIES, INC.,
Plaintiffs,

v.

EXPETEC CORPORATION f/k/a
COMPUTER DOCTOR INTERNATIONAL, INC.,
Defendant.

C.A. No. 2005-1707

**NOTICE OF FILING OF NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, on April 28, 2005, Defendant Expetec Corporation filed a Notice of Removal in the United States District Court for the District of Rhode Island. A copy of the Notice of Removal is attached hereto.

EXPETEC CORPORATION

By Its Attorneys,

Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Joanne M. Turner
Mackall Crounse & Moore
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
(612) 305-1400
(612) 305-1414 (Fax)

Dated: April 28, 2005

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 APR 28 A 11: 18

P123559.1

10 10

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2005, I mailed a true copy of the within Notice of Filing of Notice of Removal via first-class mail, postage prepaid to:

R. Park Palmer, Jr., Esq.
Kaplan & Kolb, Inc.
1100 Turks Head Building
Providence, RI 02903

Steven M. Richard

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD DEFAZIO and
RLD TECHNOLOGIES, INC.,
Plaintiffs,

v.

C.A. No. 2005- CA 05 180 S

EXPETEC CORPORATION f/k/a
COMPUTER DOCTOR INTERNATIONAL, INC.,
Defendant.

FILED
APR 28 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Expetec Corporation hereby removes the above-captioned action to the United States Court for the District of Rhode Island and respectfully states as follows:

1. This action is removable pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because this Court has original diversity jurisdiction.

2. On April 5, 2005, Plaintiff filed a Complaint commencing this action in Rhode Island Superior Court (Providence County). (*See* Richard DeFazio and RLD Technologies, Inc. v. Expetec Corporation f/k/a Computer Doctor International, Inc., C.A. No. 05-1707).[1]

3. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches as Exhibit "A", copies of all process and pleadings on file in the Rhode Island Superior Court (Providence County).

4. Plaintiff Richard DeFazio is a resident of the State of Rhode Island, and Plaintiff RLD Technologies, Inc. is a Rhode Island corporation with its principal place of business in Rhode Island.

True Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

---

[1] On April 12, 2005, Plaintiffs served the Complaint and Summons on the Rhode Island Department of Business Regulations. Defendant reserves the right to contest the sufficiency of service of process.

P123562.1

5. Defendant Expetec Corporation is a citizen of South Dakota, which is the state of its incorporation and its principal place of business.

6. The Complaint alleges damages against Defendant in excess of $75,000.00, exclusive of interest and costs.

7. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

8. Written notice of the filing of this Notice of Removal will promptly be given to Plaintiffs and will be filed with the Clerk of the Rhode Island Superior Court (Providence County), as provided by 28 U.S.C. § 1446(d).

9. Defendant expressly reserves any and all defenses which may be available to it in this action.

EXPETEC CORPORATION

By Its Attorneys,

Steven M. Richard

Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Fax)

Joanne Turner
Mackall Crounse & Moore PLC
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
(612) 305-1400
(612) 305-1414 (Fax)

Dated: April 28, 2005

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2005, I mailed a true copy of the within Notice of Removal via first-class mail, postage prepaid to:

R. Park Palmer, Jr., Esq.
Kaplan & Kolb, Inc.
1100 Turks Head Building
Providence, RI 02903

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island