UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD DEFAZIO and
RLD TECHNOLOGIES, INC.,
Plaintiffs,

Court File No. 2005-180-S

v.

EXPETEC CORPORATION f/k/a
COMPUTER DOCTOR INTERNATIONAL, INC.,
Defendant.

---

**DEFENDANT'S OBJECTION TO PLAINITFF'S FIRST MOTION TO AMEND COMPLAINT**

---

Defendant Expetec Corporation ("Expetec") objects to Plaintiff's First Motion to Amend Complaint.

In support of its Objection, Expetec has filed a Memorandum of Law and a Declaration of Joanne H. Turner (attached as Exhibit 1 to the Memorandum).

Respectfully submitted,

Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Facsimile)

Joanne H. Turner (MN#235787)
Mackall Crounse & Moore PLC
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
(612) 305-1400
(612) 305-1414 (Facsimile)

Dated: May 16, 2005

ATTORNEYS FOR EXPETEC CORPORATION

9

P123644.1

CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2005, I mailed a true copy of the this Objection via first-class mail, postage prepaid to:

R. Park Palmer, Jr., Esq.
Michael A. Marciano, Esq.
Kaplan & Kolb, Inc.
1100 Turks Head Building
Providence, RI 02903

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD DEFAZIO and
RLD TECHNOLOGIES, INC.,

Plaintiffs,

v. CA No. 2005-180-S

EXPETEC CORPORATION f/k/a
COMPUTER DOCTOR
INTERNATIONAL, INC.,

Defendant.

---

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S FIRST MOTION TO AMEND COMPLAINT**

---

In response to Defendant's motion to compel arbitration or to dismiss Plaintiff's Complaint, Plaintiffs have moved to amend their Complaint. However, Plaintiff's proposed First Amended Complaint is no less subject to arbitration than its predecessor. Because, again, all of Plaintiff's claims are subject to arbitration under the terms of the parties' agreements, Plaintiff's motion should be denied as futile. Alternatively, Defendant renews its motion to stay these proceedings pending the outcome of the contractually-mandated arbitration. Should either of Defendant's motions be denied, Defendant reserves the right to move to dismiss Plaintiff's original Complaint and First Amended Complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

As shown in Defendant's Memorandum of Law in support of its motion to dismiss and/or stay pending arbitration, DeFazio's Franchise Agreement and promissory note with Expetec include the following arbitration provision:

> Except as specifically noted by this section, and excepting matters involving provisional remedies as set forth in section 11(B)(3), any controversy or claim relating to this Agreement, including default, and any claim that this Agreement, or any part, is invalid, illegal or otherwise voidable or void, shall be submitted to arbitration before the American Arbitration Association, in accordance with its commercial arbitration rules, or any other mutually agreed upon arbitration association. . . . Arbitration shall take place in Minneapolis, Minnesota, unless otherwise agreed to by YOU and US.

Franchise Agreement at section 11(B), attached to the Declaration of Joanne H. Turner (April 28, 2005), as Exhibit 1.

Plaintiffs' original Complaint included claims for breach of contract, fraud in the inducement, unjust enrichment and quantum meruit, and promissory estoppel—the same claims included in the proposed First Amended Complaint. In fact, there appear to be only two differences between the original Complaint and the First Amended Complaint, neither of which negate the applicability of arbitration.

First, the First Amended Complaint adds a demand for rescission under the Rhode Island Franchise Investment Act to Counts II and III (fraud), IV (unjust enrichment and quantum meruit), and V (promissory estoppel). The addition of a statutory claim does not negate Plaintiffs' obligation to arbitrate their disputes with Expetec. As Expetec noted in its initial Memorandum, provisions of state law which purport to require the litigation, rather than the arbitration, of state law claims are preempted by the Supremacy Clause. Southland Corp. v. Keating, 465 U. S. 1, 104 S. Ct. 852, 79 L.Ed.2d 1 (1984).

Second, Plaintiffs no longer plead the Franchise Agreement and promissory note are enforceable contracts as part of their claims for fraud (Counts II and III), unjust enrichment and quantum meruit (Count IV), and promissory estoppel (Count V). That is, Plaintiffs are attempting to eliminate the inconsistencies between pleading the Franchise Agreement and associated promissory note are simultaneously enforceable and void.

Thus, again the question for this Court is whether Plaintiffs' claims for rescission of their agreements under Rhode Island law are within the scope of the arbitration provision. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U. S. 614, 626, 105 S. Ct. 3346, 87 L.Ed.2d 444 (1985). The arbitration provision to which Plaintiffs agreed provides for the arbitration of any claim that the Franchise Agreement or associated promissory note is "invalid, illegal or otherwise voidable or void"—precisely the claims Plaintiffs now seek to make in Counts II, III, IV and V.

Notably, by letter dated May 12, 2005, the American Arbitration Association determined it would proceed with arbitration of Expetec's claims, in Minneapolis, as the parties' agreements provide. *A copy of the American Arbitration Association's letter is attached to the Second Declaration of Joanne H. Turner as Exhibit 1.*

For these reasons, Defendant Expetec Corporation renews and reiterates its motion to dismiss Plaintiff's Complaint and First Amended Complaint, on grounds Plaintiffs' claims are subject to mandatory arbitration. In the alternative, Expetec renews and reiterates its motion to stay these proceedings, including Plaintiffs' motion for leave to amend their Complaint, until the completion of arbitration.

Respectfully submitted,

Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (facsimile)

MACKALL, CROUNSE & MOORE, PLC
Joanne H. Turner (MN # 235787)
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
(612) 305-1400
(612) 305-1414 (facsimile)

ATTORNEYS FOR
EXPETEC CORPORATION

CERTIFICATE OF SERVICE

I certify that I mailed a copy of this memorandum on May 16, 2005 via first class mail, postage prepaid to R. Park Palmer, Esq. and Michael A. Marciano, Esq., Kaplan & Kolb, Inc., 1100 Turks Head Building, Providence, RI 02903.

Steven [signature]
___________________________

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

RICHARD DEFAZIO and
RLD TECHNOLOGIES, INC.,

Plaintiffs,

v.

EXPETEC CORPORATION f/k/a
COMPUTER DOCTOR INTERNATIONAL, INC.,

Defendant.

Court File No. 2005-180-S

---

**SECOND DECLARATION OF JOANNE H. TURNER IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND**

---

Pursuant to 28 U.S.C. § 1746, Joanne H. Turner states:

1. I am a Member of the firm of Mackall, Crounse & Moore, PLC, counsel of record to Defendant Expetec Corporation. If called upon to testify as to the facts set forth herein, I could and would competently do so.

2. Attached to my Declaration as Exhibit 1 is a true and correct copy of a May 12, 2005, letter from the American Arbitration Association to counsel.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of May 2005 in Minneapolis, Minnesota.

Joanne H. Turner

JHT/jht#743714v1

American Arbitration Association
*Dispute Resolution Services Worldwide*

*Central Case Management Center*
Molly Bargenquest
Vice President

Tracey Hegeman
Assistant Vice President

13455 Noel Road - Suite 1750, Dallas, TX 75240
telephone: 972-702-8222 facsimile: 972-490-9008
internet: http://www.adr.org/

May 12, 2005

**VIA TELECOPY ONLY**

Joanne H. Turner, Esq.
Mackall Crounse & Moore, PLC
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402

R. Park Plamer, Jr., Esq.
Kaplan & Kolb Inc.
1100 Turks Head Building
Providence, RI 02903

Re: 65 114 E 00107 05
Expetec Corporation, f/k/a Computer Doctor
International, Inc.
and
Richard DeFazio
RLD Technologies, Inc.
- Minneapolis, Minnesota
Claim: $75,000.00

Dear Ms. Turner and Mr. Palmer:

This will acknowledge receipt of a letter dated April 29, 2005, from Ms. Turner, a copy of which has been exchanged with Mr. Palmer.

The Association has carefully reviewed the positions and contentions of the parties as set forth in their correspondence. The Association has determined the hearings will be held in Minneapolis, Minnesota.

The claimant has met the filing requirements of the rules by filing a demand for arbitration providing for administration by the American Arbitration Association under its rules.

Accordingly, in the absence of an agreement by the parties or a court order staying this matter, the Association will proceed with administration pursuant to the Rules. The parties may wish to raise this issue, upon appointment of the arbitrator.

The AAA serves as a neutral administrative agency and does not generally appear or participate in judicial proceedings relating to arbitration. The AAA should not be named as a party-defendant. The Rules state that the AAA is not a "necessary party". The AAA will abide by an order issued by the courts and the parties are requested to keep us informed as to the outcome.

Mediation is available to the parties throughout the process of the arbitration. In addition to local mediators, the Association has a select group of mediators that serve on the AAA President's Panel of Mediators. Having already filed for arbitration, there is no additional administrative fee for this service. The compensation of the mediator will be based on the number of hours reported by the mediator. If at any point you would like to mediate please contact the undersigned.

Enclosed is a list of five members from our roster from which one arbitrator shall be appointed. The parties are encouraged to agree on an arbitrator and advise the Association of their agreement within seven days from the date of this letter. If the parties are unable to agree, each party shall have the right to independently strike two names from the list. The list is to be received by the Association on or before May 19, 2005. If for any reason the appointment cannot be made from the list, the AAA shall have the authority to make the appointment from among other members of the panel without the submission of additional lists. The parties are to exchange copies of all correspondence except the checklist for conflicts this arbitrator list.

A flat rate for the first day of hearing of $750.00 applies as compensation on expedited cases. Should a case conclude after the preliminary hearing and prior to the final hearing, arbitrators will be compensated at half of the flat rate. If the case closes prior to the preliminary hearing, the arbitrator will not be compensated. If a case is no longer designated Fast Track or the hearing runs into a second day, arbitrators will be compensated at the rates stated on their enclosed resumes.

In order to expedite administration, please direct all further correspondence to the address listed above.

Please be advised this date each party has been billed one-half of the flat rate as itemized on the enclosed invoice, pursuant to the rules. Payment is to be received by the Association on or before May 27, 2005. Please return the top portion of the invoice with payment. If deposits are not paid on or before May 27, 2005, the Arbitrator will be informed, which may result in the suspension or termination of administration of your claim.

Thank you.

Sincerely,

Renee R. Mobley
Case Manager
888 774 6958
MobleyR@adr.org

Jennifer L. Bell
Supervisor
972 702 8222
Bellj@adr.org

RRM
Encl.