UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD DEFAZIO and
RLD TECHNOLOGIES, INC.,

Plaintiffs,

C.A. No. 2005-180-S

v.

EXPETEC CORPORATION f/k/a
COMPUTER DOCTOR INTERNATIONAL, INC.,

Defendant.

---

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS AND/OR STAY PENDING ARBITRATION**

---

In opposition to Expetec Corporation's motion to dismiss the Complaint or stay these proceedings pending arbitration, Plaintiffs claim an Addendum to the Franchise Agreement overrides the arbitration provision of the Franchise Agreement and obligates Expetec to defend Plaintiffs' claims in this Court. Plaintiffs have misread the Rhode Island Addendum which, by its terms, refers to the Uniform Franchise Offering Circular, not the Franchise Agreement. The Addendum and Franchise Agreement are easily reconciled, and the Addendum leaves in place the parties' agreement to arbitrate claims like those presented in Plaintiffs' Complaint.

**A. The Rhode Island Addendum does not strike the arbitration provision of the Franchise Agreement.**

Plaintiffs argue first that because the Rhode Island Addendum mentions Item 17, and that because the Franchise Agreement does not have an Item 17, the Addendum is vague, should be interpreted against Expetec, and therefore should be interpreted to override the arbitration provision in Section 11(B) of the Franchise Agreement. Plaintiffs



11

make this argument despite the fact the Rhode Island Addendum does not even mention Section 11(B). Indeed, the Rhode Island Addendum specifically states "All other rights, obligations, and provisions of the Franchise Agreement shall remain in full force and effect. Only the sections specifically added to, amended, or deleted by this Addendum shall be affected."

In fact, the Rhode Island Addendum, by its terms, modifies the Uniform Franchise Offering Circular, rather than the Franchise Agreement. *Exhibit A to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Objection to Defendant's Motion to Dismiss and/or Stay Pending Arbitration.* The Uniform Franchise Offering Circular has an Item 17. *Exhibit 1 to this Memorandum.* Item 17(v) refers to the choice of forum provisions found in Sections 11(E) and (F) of the Franchise Agreement, and Item 17(w) refers to the choice of law provisions found in Section 10(A) of the Franchise Agreement. However, the Rhode Island Addendum, by its terms, leaves in place Item 17(u) of the Uniform Franchise Offering Circular, the arbitration provision.

The Rhode Island Addendum, the Uniform Franchise Offering Circular, and the Franchise Agreement are easily reconciled, although not as Plaintiff argues.

1. Item 17(v) of the UFOC refers to Sections 11(E) and (F) of the Franchise Agreement. Under Section 11(B)(3), the parties are obligated to arbitrate all but a limited list of claims. Those claims not subject to arbitration are

> claims relating to OUR trademarks, service marks, patents, or copyrights; [] claims related to any lease or sublease of real property between YOU and US or related entities; [] anti-trust claims; and [] requests for temporary restraining orders, preliminary injunctions, or other proceedings, in a court of competent jurisdiction, to obtain interim relief when deemed necessary to preserve the status quo or to prevent irreparable injury pending resolution by arbitration of the actual dispute between the parties.

Under Section 11(E) of the Franchise Agreement,

> The parties agree, and YOU consent, that any non-arbitration litigation between the parties, arising, directly or indirectly from the franchise relationship, shall be commenced and maintained either in the courts of the State of South Dakota in Aberdeen, Brown County, South Dakota, or the United States District Court, District of South Dakota, Northern Division.

Therefore, the Rhode Island Addendum, by its terms, changes Section 11(E) to provide that the non-arbitrable—but only the non-arbitrable disputes--are subject to the jurisdiction of the federal and state courts of Rhode Island.

2. Item 17(w) of the UFOC refers to Section 10(A) of the Franchise Agreement. Under Section 10(A) of the Franchise Agreement, "the parties agree that the Agreement shall be deemed made and entered into in South Dakota and shall be governed and construed according to the laws of South Dakota and the United States." Therefore, the Rhode Island Addendum, by its terms, changes Section 10(A) to provide that the Franchise Agreement shall be construed according to the laws of the state of Rhode Island.

3. Finally, Item 17(v) of the UFOC refers to Section 11(F) of the Franchise agreement. Section 11(F) of the Franchise Agreement provides:

> Regardless of any provisions of state law to the contrary, WE intend to fully enforce the provisions of this Franchise Agreement, and other documents, including all venue, choice of laws and arbitration provisions, and to rely on federal preemption under the federal arbitration act (9 U.S.C. § 1, et seq.).

The Franchise Agreement applies South Dakota law. *Section 10(A) of the Franchise Agreement, attached as Exhibit B to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Objection to Defendant's Motion to Dismiss and/or Stay Pending Arbitration ("the parties agree that the Agreement shall be deemed made and entered into in South*

*Dakota and shall be governed and construed according to the laws of South Dakota and the United States.").* Therefore, under the standard franchise agreement, regardless of any provisions of South Dakota law to the contrary, Expetec intends to fully enforce the provisions of the Franchise Agreement. The Rhode Island Addendum, by its terms, changes the reference to "state law" from South Dakota law to Rhode Island law. That is, the Addendum changes Section 11(F) of the Franchise Agreement to mean

> Regardless of any provisions of Rhode Island law to the contrary, WE intend to fully enforce the provisions of this Franchise Agreement, and other documents, including all venue, choice of laws and arbitration provisions, and to rely on federal preemption under the federal arbitration act (9 U.S.C. § 1, et seq.). *(emphasis added)*

Moreover, as to Plaintiffs' argument that ambiguities in the Franchise Agreement should be construed against Expetec as the drafter, Section 10(B) of the Franchise Agreement specifically bars such an interpretation:

> The language in this Agreement shall be construed as a whole according to its usual, customary, and fair meaning, and neither strictly for nor against either US or YOU.

In short, there is no ambiguity in the Franchise Agreement. The Rhode Island Addendum does not override the arbitration provision.

**B. Count III, by its terms, relates to the Franchise Agreement and is therefore subject to arbitration.**

Plaintiffs further contend Count III (fraudulent inducement of the purchase of a service van) is unrelated to the Franchise Agreement. However, Plaintiffs' Complaint specifically alleges: "As part of the Agreements Plaintiffs were required to purchase a van that had the 'Expetec' logo affixed to it." *Plaintiffs' Complaint ¶ 17; First Amended Complaint, ¶ 16 (emphasis added).* There should be no dispute that, had Plaintiffs not purchased an Expetec franchise, they would not have purchased the van. Plaintiffs'

attempts to divorce the van purchase from the franchise are unavailing. Count III, by its terms, relates to the Franchise Agreement and is therefore subject to arbitration.

**C. Counts IV and V are subject to arbitration.**

Finally, Plaintiffs argue Counts IV (unjust enrichment and quantum meruit) and V (promissory estoppel) are not subject to arbitration because they do not "concern[] the Franchise Agreement." At the same time, Plaintiffs concede these are claims for quasi-contractual relief which arise only if the Franchise Agreement is rescinded.

Again, Plaintiffs agreed to arbitrate "any controversy or claim relating to this Agreement, including default, and any claim that this Agreement, or any part, is invalid, illegal or otherwise voidable or void" (emphasis added). Although Plaintiffs claim they were fraudulently induced to purchase a service van from Expetec and were fraudulently induced to finance their purchase of the franchise with a short-term loan from Expetec, nowhere do Plaintiffs claim they were fraudulently induced to purchase the franchise itself. Nor do Plaintiffs claim their relationship with Expetec, or their claims for quasi-contractual relief, arise from anything other than the franchise itself. As a result, Plaintiffs' quasi-contractual claims relate either to the Franchise Agreement, or to Plaintiffs' claims that the Franchise Agreement is "invalid, illegal or otherwise voidable or void." Counts IV and V of the Complaint are subject to arbitration.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss Plaintiffs' Complaint should be granted. Alternatively, this proceeding should be stayed pending the outcome of the arbitration already in process before the American Arbitration Association.

Respectfully submitted,

Steven M. Richard (#4403)
NIXON PEABODY LLP
One Citizens Plaza, Suite 700
Providence, RI 02903 – 1345
(401) 454-1000
(401) 454-1030 (facsimile)

Joanne H. Turner (Admitted *Pro Hac Vice*)
MACKALL, CROUNSE & MOORE, PLC.
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
(612) 305-1484
(612) 305-1414 (facsimile)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that, on May 20, 2005, I served a copy of this reply memorandum via first class mail, postage prepaid to Michael Marciano, Esq., Kaplan & Kolb Inc., 1100 Turks Head Building, Providence, RI 02903.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD DEFAZIO and
RLD TECHNOLOGIES, INC.,

Plaintiffs,

v.

EXPETEC CORPORATION f/k/a
COMPUTER DOCTOR
INTERNATIONAL, INC.,

Defendant.

**SECOND AFFIDAVIT OF JOANNE H. TURNER IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND/OR STAY**

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Joanne H. Turner, being first duly sworn on oath, states and declares as follows:

1. Attached to my Affidavit as Exhibit 1 is a true and correct copy of the pertinent portions of Item 17 of the Expetec Corporation (formerly known as Computer Doctor International, Inc.) Uniform Franchise Offering Circular.

FURTHER YOUR AFFIANT SAYETH NOT.

Joanne H. Turner

Subscribed and sworn to before me this
20th day of May, 2005.

Notary Public

KATHLEEN B. HAMMILL
Notary Public
Minnesota
My Commission Expires January 31, 2010

JHT/j

Expetec Technology Services

# FRANCHISE OFFERING CIRCULAR

Computer Doctor International, Inc.
a South Dakota corporation
12 2nd Avenue SW
Aberdeen, South Dakota 57401
Tel. 605-225-4122 and 888-297-2292

OUR franchisees offer and sell mobile repair, maintenance, upgrade, and installation services for computers, telecommunications, and business equipment. In addition, franchisees provide information technology consulting, warranty service and sell computers along with new computer hardware, parts, and accessories; the services and products are provided from home based and office locations. OUR franchisees conduct business under the name "Expetec".

The initial franchise fee, and the cost of the marketing and business management system total is $39,000. The estimated initial investment required for a repair and maintenance service business, ranges from $57,200 to $88,200. The initial investment will vary substantially depending upon the size and location of your business.

Risk Factors:

1. UNLESS OTHERWISE AGREED BY US AND YOU, THE FRANCHISE AGREEMENT REQUIRES THAT ALL DISAGREEMENTS BE SETTLED BY ARBITRATION IN MINNESOTA. OUT OF STATE ARBITRATION MAY FORCE YOU TO ACCEPT A LESS FAVORABLE SETTLEMENT. IT MAY ALSO COST YOU MORE TO ARBITRATE WITH US IN MINNESOTA THAN IN YOUR HOME STATE.

2. THE FRANCHISE AGREEMENT STATES THAT SOUTH DAKOTA LAW GOVERNS THE AGREEMENT, AND THIS LAW MAY NOT PROVIDE THE SAME PROTECTIONS AND BENEFITS AS LOCAL LAW. YOU MAY WANT TO COMPARE THESE LAWS. MINN. STAT. §80C.21 AND MINN. RULE 2860.4400J PROHIBIT US FROM REQUIRING LITIGATION TO BE CONDUCTED OUTSIDE MINNESOTA. IN ADDITION, PURSUANT TO MINN. STAT. §80C.21 AND MINN. RULE 2860.4400J, THIS SECTION SHALL NOT IN

YOU may only market services outside of YOUR Franchised Area subject to the requirements in section 2 of YOUR Franchise Agreement (see Item 12).

## ITEM 17

## RENEWAL, TERMINATION, TRANSFER AND DISPUTE RESOLUTION

This table lists certain important provisions of the franchise and related agreements. YOU should read these provisions in the agreements attached to this offering circular.

| Provision | Section in Franchise Agreement | Summary |
|---|---|---|
| a. Length of the term of the franchise | Section 3(A) | The term is 10 years |
| b. Renewal or extension of the term | Sections 3(A) and 3(B) | YOU can renew YOUR franchise for an additional 10 year term subject to the requirements in YOUR Franchise Agreement |
| c. Requirements for YOU to renew or extend | Sections 3(A) and 3(B) | YOU do not have to pay a fee, but YOU must give US at least 180 days prior notice; YOU must be in compliance with YOUR current Franchise Agreement including the satisfaction of all monetary obligations; YOU must successfully complete current training requirements; YOU must remodel and refurbish your shop to current standards; YOU must replace and modernize YOUR vehicles, signage, equipment, and promotional items in compliance with current standards; YOU must sign a new Franchise Agreement and YOU will be subject to OUR then current requirements |
| d. Termination by YOU | Section 3(A) | YOU can terminate the Franchise Agreement on its 10th anniversary by giving US 180 days prior written notice |
| e. Termination by US without cause | Section 3(A) | WE do not have the unilateral right to not renew YOUR franchise if YOU comply with the requirements in section 3(B) of the Franchise Agreement |

| | | |
|---|---|---|
| term of the franchise | | |
| r. Non-competition covenants after the franchise is terminated or expired | Sections 9(B), 9(C), and 9(D) | If the Franchise Agreement is terminated because of a default by YOU, YOU cannot be involved in a competing business within YOUR Franchised Area (including after an assignment by YOU) |
| s. Modification of the Agreement | Sections 5(C), 6(G), and 6(Q) | The material provisions in the Franchise Agreement are not subject to change; manuals, insurance, operating methods, and other requirements determined by US to be in the best interests of the System are subject to change |
| t. Integration merger clause | Section 19(E) | Only the terms of the Franchise Agreement are binding (subject to applicable law); any other promises may not be enforceable |
| u. Dispute resolution by arbitration or mediation | Section 11 | Except for certain claims, all disputes must be arbitrated in Minneapolis, MN |
| v. Choice of Forum* | Sections 11(E) and 11(F) | Litigation must be in Brown County, SD, or United States District Court, Northern Division, in South Dakota |
| w. Choice of Law* | Section 10(A) | South Dakota law applies |

These states have statutes which may supersede the franchise agreement in your relationship with the franchisor including the areas of termination and renewal of your franchise: ARKANSAS [Stat. Section 70-807], CALIFORNIA [Bus. & Prof. Code Sections 20000-20043], CONNECTICUT [Gen. Stat. Section 42-133e et seq.], DELAWARE [Code, tit.], HAWAII [Rev. Stat. Section 482E-1], ILLINOIS [815 ILCS 705/19 and 705/20], INDIANA [Stat. Section 23-2-2.7], IOWA [Code Sections 523H.1-523H.17], MICHIGAN [Stat. Section 19.854(27)], MINNESOTA [Stat. Section 80C.14], MISSISSIPPI [Code Section 75-24-51], MISSOURI [Stat. Section 407.400], NEBRASKA [Rev. Stat. Section 87-401], NEW JERSEY [Stat. Section 56:10-1], SOUTH DAKOTA [Codified Laws Section 37-5A-51], VIRGINIA [Code 13.1-557-574-13.1-564], WASHINGTON [Code Section 19.100.180], WISCONSIN [Stat. Section 135.03]. These and other states may have court decisions which may supersede the franchise agreement in your relationship with the franchisor including the areas of termination and renewal of your franchise.

*YOU should review Exhibit E, the State Addenda, to determine if the information in the Franchise Agreement and this offering circular are modified by applicable state laws.