UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD DEFAZIO and
RLD TECHNOLOGIES, INC., C.A. No. 2005-180-S

Plaintiffs,

v.

EXPETEC CORPORATION, f/k/a
COMPUTER DOCTOR
INTERNATIONAL, INC.

Defendant.

**DEFENDANT'S OBJECTION TO PLAINTIFFS' MOTION TO STAY ARBITRATION PROCEEDINGS**

Defendant Expetec Corporation ("Expetec") objects to Plaintiffs' Motion to Stay Arbitration Proceedings. Expetec has filed a memorandum of law in support of its objection.

Respectfully submitted,

Dated: May 23, 2005

Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (facsimile)

Joanne H. Turner (MC # 235787)
Admitted *Pro Hac Vice*
MACKALL, CROUNSE & MOORE, PLC.
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
(612) 305-1400
(612) 305-1414 (facsimile)

12

CERTIFICATE OF SERVICE

I certify that, on May 23, 2005, I mailed a copy of this objection to Michael Marciano, Esq., Kaplan & Kolb, Inc., 1100 Turks Head Building, Providence, RI 02903.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD DEFAZIO and
RLD TECHNOLOGIES, INC.,

C.A. No. 2005-180-S

Plaintiffs,

v.

EXPETEC CORPORATION, f/k/a
COMPUTER DOCTOR
INTERNATIONAL, INC.

Defendant.

---

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PLAINTIFFS' MOTION TO STAY ARBITRATION PROCEEDINGS**

---

Under 9 U.S.C. § 3,

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

In asking this Court to enjoin the arbitration proceedings now pending before the American Arbitration Association between the parties, Plaintiffs make no mention of this statute or acknowledge the merits of Expetec's motion to stay these proceedings. Nor do Plaintiffs address any of the factors on which Plaintiffs have the burden of proof in requesting an injunction. For these reasons, Plaintiffs' motion must be denied.

**A. Plaintiffs' proposed First Amended Complaint is subject to arbitration under the parties' agreement to arbitrate.**

Plaintiffs claim they have moved to amend their Complaint "in a manner which casts significant doubt over the case's arbitrability." *Plaintiffs' Motion to Stay Arbitration Proceedings.*

As shown in Defendant's opposition to Plaintiffs' motion to amend their Complaint, even under the First Amended Complaint, Plaintiffs' claims are still subject to arbitration. The First Amended Complaint includes claims for breach of contract, fraud in the inducement, unjust enrichment/quantum meruit and promissory estoppel—the same claims included in the original Complaint. The First Amended Complaint adds a demand for rescission under the Rhode Island Franchise Investment Act. However, the addition of a statutory claim does not negate Plaintiffs' obligation to arbitrate, because provisions of state law which purport to require the litigation, rather than the arbitration, of state law claims are preempted by the Supremacy Clause. Southland Corp. v. Keating, 465 U. S. 1, 104 S. Ct. 852, 79 L.Ed.2d 1 (1984).

Moreover, the arbitration provision to which Plaintiffs agreed provides for the arbitration of any claim that the Franchise Agreement or associated promissory note is "invalid, illegal or otherwise voidable or void," which is precisely the claim Plaintiffs make in Counts II and III (fraud in the inducement), IV (unjust enrichment), and V (promissory estoppel).

**B. Expetec has moved to stay or dismiss these proceedings pending arbitration.**

Expetec has moved, pursuant to 9 U.S.C. § 3 (the Federal Arbitration Act), to stay or dismiss these proceedings pending the completion of the contractually-mandated arbitration. Expetec has filed a Demand for Arbitration with the American Arbitration

Association, which arbitration is currently pending. Expetec has complied with § 3 of the Federal Arbitration Act, and this Court is obligated to grant Expetec's motion to stay and to deny Plaintiffs' motion to enjoin arbitration.

**C. Plaintiffs' motion to enjoin arbitration fails on its merits.**

To warrant a preliminary injunction, Plaintiffs bear the burden of demonstrating: (1) a substantial likelihood Plaintiffs will succeed on the merits; (2) a significant risk of irreparable harm if the injunction is denied; (3) a favorable balance of hardships; and (4) fit, or lack of friction, between the requested injunction and the public interest. S. E. C. v. Fife, 311 F.3d 1 (1st Cir. 2002), cert. denied, 538 U.S. 1031, 123 S. Ct. 2073, 155 L.Ed.2d 1060 (2003). Plaintiffs make no arguments as to any of these factors; indeed, the evidence shows these factors warrant denial of Plaintiffs' motion.

**1. Likelihood of success on the merits.**

Plaintiffs have not shown a substantial likelihood they will succeed on the merits. As argued in Defendant's motion to stay or dismiss pending arbitration, Plaintiffs' claims all are subject to arbitration. Specifically, the parties agreed to arbitrate:

> any controversy or claim relating to this Agreement, including default, and any claim that this Agreement, or any part, is invalid, illegal or otherwise voidable or void.

Under 9 U.S.C. § 3, once Expetec has invoked arbitration, this Court is obligated to stay these proceedings pending the outcome of that arbitration.

**2. Significant risk of irreparable harm if injunction is denied.**

Plaintiffs make no claim they will suffer irreparable harm if the arbitration proceeds, nor could they. As Defendant has argued, the claims brought in these proceedings are subject to arbitration.

**3. Balance of equities**

Plaintiffs make no claim the balance of equities favors enjoining the pending arbitration. Plaintiffs make no showing they will suffer any harm if the pending arbitration goes forward. On the other hand, Defendant will suffer significant harm if the pending arbitration is enjoined. Defendant has paid significant, nonrefundable, fees to the American Arbitration Association to file the claim and to pay its share of the arbitrator's initial fee. Upon information and belief, Plaintiff has, thus far, paid nothing to the AAA.

**4. Public interest**

The public interest strongly favors denial of the requested injunction. The public has a strong interest in the enforcement of the Federal Arbitration Act and in the enforcement of arbitration agreements. Shearson/American Exp., Inc. v. McMahon, 482 U.S. 220, 107 S. Ct. 2332, 96 L.Ed.2d 185, reh. denied, 483 U.S. 1056, 108 S. Ct. 31, 97 L.Ed.2d 819 (1987). Indeed, as this Court has recognized, the federal policy favoring arbitration is so strong that any doubts concerning the scope of arbitrable issues must be resolved in favor of arbitration. Henderson v. Tucker, Anthony and RL Day, 721 F. Supp. 24 (D.R.I. 1989); accord KKW Enterprises, Inc. v. Gloria Jean's Gourmet Coffees Franchising Corp., 184 F.3d 42 (1st Cir. 1999) (courts must recognize strong policy in favor of rigorously enforcing arbitration agreements).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to stay the arbitration pending before the American Arbitration Association must be denied.

Dated: May 23, 2005

Respectfully submitted,

Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (facsimile)

Joanne H. Turner (MC # 235787)
Admitted *Pro Hac Vice*
MACKALL, CROUNSE & MOORE, PLC.
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
(612) 305-1400
(612) 305-1414 (facsimile)

ATTORNEYS FOR
EXPETEC CORPORATION

## CERTIFICATE OF SERVICE

I certify that, on May 23, 2005, I mailed a copy of this memorandum to Michael Marciano, Esq., Kaplan & Kolb, Inc., 1100 Turks Head Building, Providence, RI 02903.