**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

RICHARD DEFAZIO and
RLD TECHNOLOGIES, INC.,

Plaintiffs,

v. C.A. No. 2005-180-S

EXPETEC CORPORATION f/k/a
COMPUTER DOCTOR INTERNATIONAL, INC.,

Defendant.

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION**

Defendant Expetec Corporation opposes Plaintiffs' objection to Magistrate Judge Martin's Report and Recommendation dated September 6, 2005. For reasons stated in Defendant's memorandum of law, this Court should accept the Report and Recommendation in its entirety.

Respectfully submitted,

Steven M. Richard (#4403)
NIXON PEABODY LLP
One Citizens Plaza, Suite 700
Providence, RI 02903-1345
(401) 454-1000
(401 454-1030 (facsimile)

Joanne H. Turner
Admitted *pro hac vice*
MACKALL, CROUNSE & MOORE, PLC.
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
(612) 305-1484
(612) 305-1414 (facsimile)

CERTIFICATE OF SERVICE

I certify that on September 19, 2005, I served a copy of this opposition first class mail, postage prepaid to Michael Marciano, Esq., Kaplan & Associates Inc., 1100 Turks Head Building, Providence, RI 02903.

JHT/jht/757358v1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

RICHARD DEFAZIO and
RLD TECHNOLOGIES, INC.,

Plaintiffs,

v. C.A. No. 2005-180-S

EXPETEC CORPORATION f/k/a
COMPUTER DOCTOR INTERNATIONAL, INC.,

Defendant.

---

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION**

---

9 U.S.C. § 3 circumscribes the Court's consideration of the parties' motions here: whether the issue involved is referable to arbitration under an agreement in writing for such arbitration. If so, this Court has discretion to dismiss the Complaint entirely. Large v. Conseco Finance Servicing Corp., 167 F.Supp.2d 203, 207 (D.R.I. 2001), *aff'd.*, 292 F.3d 49 (1st Cir. 2002). The Magistrate, having carefully considered Plaintiffs' Complaint and the parties' agreements, recommends this Court do just that. This Court should adopt the Magistrate's Report and Recommendation, and should dismiss Plaintiffs' Complaint and deny Plaintiffs' motion to stay arbitration.

## PROCEDURAL BACKGROUND

As outlined in the Report and Recommendation, in September 2003, Plaintiff Richard DeFazio signed a Franchise Agreement by which DeFazio was granted a franchise to offer maintenance, repair, installation and upgrade services for computers

and business equipment using the Expetec business system in and around Warwick, Rhode Island. In February 2005, DeFazio's attorney informed Expetec he was "ceasing [his] business relationship with [Expetec] effective immediately." On March 25, 2005, Expetec commenced arbitration against Plaintiffs with the American Arbitration Association, as provided in the parties' Franchise Agreement. In response, Plaintiffs filed their Complaint in Superior Court for the State of Rhode Island on April 4, 2005, which Complaint was removed to this Court. Expetec moved to dismiss the Complaint or stay all proceedings pending the completion of arbitration. In response, Plaintiffs moved to stay arbitration and to amend their Complaint.

## ARGUMENT

### A. The Magistrate properly found Counts I and II of Plaintiffs' Complaint are subject to arbitration.

The Magistrate found Counts I and II of Plaintiffs' Complaint are subject to arbitration. In Count I, Plaintiffs claim breach of the Franchise Agreement, which Plaintiffs claim "constituted a legal contract enforceable at law." *Complaint ¶ 23.* In Count II, Plaintiffs claim they were fraudulently induced to borrow funds from Expetec to purchase the franchise by a promise that they would be able to refinance their loan with a third party "at a reasonable interest rate." *Complaint ¶ 26.* However, Plaintiffs do not claim they were fraudulently induced to purchase the franchise itself.

Plaintiffs do not dispute Counts I and II relate to the Franchise Agreement. Rather, Plaintiffs claim there is no arbitration provision in the Franchise Agreement. Specifically, Plaintiffs claim a document titled "Addendum to Uniform Franchise Offering Circular for the State of Rhode Island" eliminated the arbitration provision in the Franchise Agreement. The Magistrate properly found the Addendum modified the

UFOC, not the Franchise Agreement, leaving the arbitration provision in the Franchise Agreement intact and enforceable.

On appeal, Plaintiffs argue first the Magistrate wrongly concluded the Addendum modified the UFOC, rather than the Franchise Agreement. More importantly, Plaintiffs argue the Addendum modified the Franchise Agreement "to allow for the litigation of this matter in the courts of the State of Rhode Island." *Plaintiffs' Memorandum at p. 2.*

Expetec does not dispute the Franchise Agreement, whether modified or not, allows for the litigation of some matters in the courts of the State of Rhode Island. However, by the language of the Franchise Agreement, those matters are limited to:

> claims relating to [Expetec's] trademarks, service marks, patents, or copyrights; []claims related to any lease or sublease of real property between [franchisee] and [Expetec] or related entities; [] anti-trust claims; and []requests for temporary restraining orders, preliminary injunctions, or other proceedings, in a court of competent jurisdiction, to obtain interim relief when deemed necessary to preserve the status quo or to prevent irreparable injury pending resolution by arbitration of the actual dispute between the parties.

*Franchise Agreement at Section 11(B)(3).* Plaintiffs do not claim, nor could they, that any of their claims here fall into any of those categories.

Nor do Plaintiffs explain how the Addendum can be construed to have amended the arbitration provision of the Franchise Agreement, Section 11(B), without so much as mentioning it. To the contrary, the Addendum specifically states:

> All other rights, obligations, and provisions of the Franchise Agreement shall remain in full force and effect. Only the sections specifically added to, amended, or deleted by this Addendum shall be affected.

*Addendum.* The Addendum is clearly labeled "Addendum to Uniform Franchise Offering Circular," and the paragraphs referenced in the Addendum correspond exactly to

references in the UFOC. The Magistrate correctly found the reference in the Addendum to the Franchise Agreement to be a typographical error.

The Magistrate properly found the arbitration provision of the Franchise Agreement to be in full force and effect, and properly found Plaintiffs agreed to arbitrate their dispute with Expetec.

**B. The Magistrate properly found the dispute over DeFazio's purchase of the service van is related to the Franchise Agreement and is therefore subject to arbitration.**

The Magistrate found Count III of Plaintiffs' Complaint is subject to arbitration. In Count III, Plaintiffs claim they were fraudulently induced to purchase a van from Expetec. Plaintiffs now argue the purchase of the van was "not a required portion of the Franchise Agreement" and therefore is not subject to arbitration. *Plaintiffs' Memorandum of Law in Support of Plaintiffs' Objection to Magistrate's Report and Recommendation at p. 3.* However, as the Magistrate correctly observed, Plaintiffs' Complaint specifically alleges "[a]s part of the Agreements Plaintiffs were required to purchase a van that had the 'Expetec' logo affixed to it." *Complaint ¶ 17.* Plaintiffs should not be now heard to argue the purchase of the service van was unrelated to their Expetec franchise. The Magistrate properly found Count III of the Complaint is subject to arbitration.

**C. The Magistrate properly found Plaintiffs' claims of unjust enrichment and quantum meruit are also subject to arbitration.**

The Magistrate further found Count IV and V of Plaintiffs' proposed Amended Complaint are also subject to arbitration. In Count IV, Plaintiffs claim they "provided valuable services to [Expetec], incurring expenses and conferring a benefit onto [Expetec] for which Plaintiffs should be reimbursed." *Proposed Amended Complaint ¶*

*37.* In Count V, Plaintiffs claim Expetec made promises "to induce Plaintiffs to purchase a franchise," that Plaintiffs detrimentally relied on promises made by Expetec "and purchased a franchise," and that as a result of Plaintiffs' purchase they incurred expenses. *Proposed Amended Complaint* ¶¶ *40, 42, 43.* However, the only relationship Plaintiffs claim between themselves and Expetec is the franchise. Any "valuable services" Plaintiffs provided to Expetec must have been in the context of the franchise relationship, any "benefit conferred" on Expetec must have been because of the franchise relationship, and any expenses incurred must have been because of the franchise relationship.

By signing the Franchise Agreement, Plaintiffs agreed to arbitrate "any controversy or claim relating to this Agreement, including default, and any claim that this Agreement, or any part, is invalid, illegal or otherwise voidable or void." *Franchise Agreement at section 11(B).* The Magistrate correctly concluded Plaintiffs' claims of unjust enrichment and promissory estoppel relate either to the Franchise Agreement or to Plaintiffs' claims that the Franchise Agreement is "invalid, illegal or otherwise voidable or void," and thus are subject to arbitration.

**D. The Magistrate properly recommended denial of Plaintiffs' motion to stay arbitration.**

The Magistrate properly found all of the claims in the Complaint are subject to arbitration, and properly recommended dismissal of Plaintiffs' Complaint in its entirety. The Magistrate also properly denied Plaintiffs' motion to amend their Complaint, finding all claims in the Amended Complaint are also subject to mandatory arbitration. Because all of Plaintiffs' claims are subject to arbitration, there is no basis for this Court to stay arbitration.

Plaintiffs renew their motion to stay arbitration, arguing it is "the most equitable way to resolve this matter." Plaintiffs agreed to an arbitration hearing date of October 14, knowing their motion to stay was pending. This Court has thus far refused to enjoin the arbitration, and Plaintiffs have given this Court no new grounds for their requested injunction. More to the point, the Magistrate's Report and Recommendation confirms Plaintiffs cannot show they have any claims which are not subject to arbitration. There is no reason to delay the hearing.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation of the Magistrate should be adopted. Defendant's Motion to Dismiss should be granted, and Plaintiffs' Motion to Stay Arbitration should be denied.

Respectfully submitted,

Steven M. Richard (#4403)
NIXON PEABODY LLP
One Citizens Plaza, Suite 700
Providence, RI 02903-1345
(401) 454-1000
(401 454-1030 (facsimile)

Joanne H. Turner
Admitted *pro hac vice*
MACKALL, CROUNSE & MOORE, PLC.
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
(612) 305-1484
(612) 305-1414 (facsimile)

ATTORNEYS FOR DEFENDANT
EXPETEC CORPORATION

CERTIFICATE OF SERVICE

I certify that on September 19, 2005, I served a copy of this memorandum via first class mail, postage prepaid to Michael Marciano, Esq., Kaplan & Associates Inc., 1100 Turks Head Building, Providence, RI 02903.

JHT/jht/757358v1