UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **RICHARD DEFAZIO; and RLD TECHNOLOGIES, INC** | : | |
| **Plaintiffs** | : | |
| **v.** | : | **C.A. No. 2005-180-S** |
| **EXPETEC CORPORATION f/k/a COMPUTER DOCTOR INTERNATIONAL, INC,** | : | |
| **Defendant** | : | |

## PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY STAY OF ARBITRATION PROCEEDINGS

Plaintiffs hereby move to stay any and all proceedings towards the arbitration of this matter. In support of this motion, Plaintiffs state that arbitration has been scheduled for October 18, 2005. The arbitrator was unwilling to adjust that date, in spite of his being informed that this Court was scheduled to hear argument on Plaintiffs' Objection to Magistrate's Report and Recommendation on October 21, 2005. At the June 14, 2005 hearing, the Magistrate was under the impression that arbitration would not take place until this matter was decided by the Court. Accordingly, Plaintiff requests that this Honorable Court immediately stays any and all arbitration proceedings until such as time as the Court has heard and decided the matter scheduled to be heard on October 21, 2005.

In support of this Motion, Plaintiffs submit an attached memorandum of law.

Respectfully Submitted,

Plaintiffs Richard DeFazio and RLD
Technologies, Inc.
By Their Attorneys

Michael A. Marciano, Esq. #6486
R. Park Palmer, Jr., Esq. #6944
Kaplan & Associates Inc.
1100 Turks Head Building
Providence, RI 02903
Telephone: 401-272-9000
Facsimile: 401-272-9020

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2005, I mailed a true copy of the within "Plaintiffs' Emergency Motion to Stay Arbitration Proceedings" via facsimile and first-class mail, postage prepaid to:

Steven M. Richard, Esq.
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Facsimile)

Joanne H. Turner, Esq.
Mackall Crounse & Moore PLC
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
(612) 305-1400
(612) 305-1414 (Facsimile)

Renee R. Mobley
Case Manager
American Arbitration Association
13455 Noel Road Suite 1750
Dallas, TX 75240
(972) 702-8222
(972) 490-9008

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RICHARD DEFAZIO; and RLD TECHNOLOGIES, INC** | : | |
| **Plaintiffs** | : | |
| v. | : | **C.A. No. 2005-180-S** |
| **EXPETEC CORPORATION f/k/a COMPUTER DOCTOR INTERNATIONAL, INC,** | : | |
| **Defendant** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY STAY OF ARBITRATION PROCEEDINGS**

## Introduction

This case concerns claims of breach of contract, fraud and for quasi-contractual relief made by the Plaintiffs, former owners of a computer repair franchise of the Defendant. The Plaintiffs contend that these claims are rightfully before this Court, while the Defendant contends that these allegations are arbitrable based on agreements between the parties. The Magistrate issued a Report and Recommendation in favor of the Defendant on September 6, 2005, and Plaintiff duly filed an Objection. Based on that Objection, this Court has elected to hear argument on the arbitrability of Plaintiff's claims on October 21, 2005. The arbitrator has refused to postpone the arbitration scheduled for October 18, 2005 in Minneapolis, Minnesota, without any regard for this Court's decision to hear this matter a mere four days later. Accordingly, Plaintiffs turn to this Court requesting an immediate stay of the arbitration proceedings.

## STANDARD OF LAW

It is well settled that there are four factors that must be weighed when ruling on a motion for a temporary restraining order or a preliminary injunction. In ruling on such a motion the factors to be considered are (i) reasonable probability of success on the merits, (ii) irreparable harm, (iii) balance of the equities, including hardship to each of the parties and the public interest and (iv) preservation of the status quo by the issuance of the injunction. Didonato v. Kennedy, 822 A. 2d 179, 181 (R.I. 2003), Iggy's Doughboy, Inc. v. Giroux, 729 A. 2d 701, 705 (R.I. 1999), Fund for Community Progress v. United Way of Southeastern New England, 695 A. 2d 517, 521 (R.I. 1997). In the present case, all of these factors weigh heavily in favor of the Plaintiffs, therefore a temporary injunction should be granted.

## ARGUMENT

### Plaintiffs Are Likely to Succeed On The Merits

The individual Plaintiff, Richard DeFazio, operated an Expetec (formerly Computer Doctor International) franchise from September of 2003, until February of 2005. Plaintiffs and Defendant signed a Franchise Agreement on or about September 17, 2003, and an "Addendum to Uniform Franchise Offering Circular for the State of Rhode Island (the "Addendum") (both collectively hereinafter referred to as the "Agreements") on or about September 24, 2003. The Agreements permitted the Plaintiffs to operate a franchise of the Defendant for the purpose of offering maintenance, repair, installation and upgrade services for computers and business equipment in and around Warwick, Rhode Island. Pursuant to the Agreements, in exchange for specified Royalty and

Marketing Fees that have been paid in full by the Plaintiffs, Defendant owed several obligations to the Plaintiffs.

Plaintiffs' suit is based on the failure of the Defendant to meet these obligations, the Defendant's fraudulent inducement of the Plaintiffs to take a loan from the Defendant and to enter the Agreements, fraudulent inducement to purchase a van from the Defendant by a separate arrangement and common law remedies in the event that the Agreements are rescinded.

Mr. DeFazio is prepared to testify to being consistently misled from the inception of his contact with the Defendant. He was told by Expetec representatives that he would automatically qualify for a small business association loan (SBA), upon being in business for six months, thereby inducing him to take an inflated interest loan from the Defendant and enter the Agreements. Only upon his attempts to obtain an SBA loan from Citizens Bank, where his wife is employed, was he informed that there was no way he could obtain such a loan without showing a steady profit, regardless of how long he was in business.

Similar misleading statements were made in regards to the vehicle purchased from the Defendant. Defendant's employees and literature indicated that the van purchased by the Plaintiffs, the "technical assault vehicle" would be fully networked, allowing efficient on-site repairs to be provided for customers. The van, which was purchased by the plaintiffs for $22,500 was in fact an ordinary van with a stool in the back of it, with no such advertised capabilities.

Based on these misrepresentations, Plaintiffs have a reasonable probability of success on the merits. Accordingly, the arbitration proceedings should be stayed.

**Plaintiffs Will Suffer Irreparable Harm if a Temporary Restraining Order Does Not Issue**

Plaintiffs will undoubtedly suffer harm if their motion is not granted. Without judicial intervention, Plaintiffs will be forced to arbitrate a matter that no official body has determined is rightfully arbitrable. Upon Plaintiff's duly filed Objection, this Court determined that the arbitrability of a matter already before the Court needed to be further examined. The insistence upon arbitration would deprive this Court of fulfilling its stated wishes, and deny the Plaintiffs their rightful day in court. To avert this harm, the arbitration proceedings should be stayed.

**Plaintiffs' Interests Outweigh Those of the Defendants**

Plaintiffs' interests in this matter clearly outweigh any interest of the Defendant. If anything, this allows both sides to prepare for only one forum after numerous months of trying to prepare for both. Judicial resolution of this matter will provide finality for both sides, without the specter of the other forum suddenly being shifted to the forefront. Defendant's sole interest is apparently to deny the Court a chance to fully visit the issue of arbitrability, in spite of this Court's explicit desire to address that aspect of this case. Absent any meaningful interest on the part of the Defendant, the arbitration proceedings should be stayed.

**The Status Quo Will be Preserved by a Temporary Restraining Order**

The status quo is best preserved by waiting for the Court to decide the arbitrability of this matter. The Magistrate indicated in his Report and Recommendation that "counsel advised the court that the arbitration likely would not proceed until the instant motions

are decided." The word counsel denotes counsel for both parties. Based on the Magistrate's understanding, representations of counsel for both parties and the current possibility of the arbitrator denying Plaintiffs' rightful day in court, the only way to maintain the status quo is to allow this Court to hear the argument it has requested for October 21, 2005. In order to preserve that status quo, the arbitration proceedings should be stayed.

**CONCLUSION**

For the reasons stated herein, Plaintiffs' Emergency Motion for Temporary Stay of Arbitration Proceedings should be granted. The stay should remain in operation up until such time as this Court has ruled upon the arbitrability of Plaintiff's claims.

Respectfully Submitted,

Plaintiffs Richard DeFazio and RLD Technologies, Inc.
By Their Attorneys

Michael A. Marciano, Esq. #6486
R. Park Palmer, Jr., Esq. #6944
Kaplan & Associates Inc.
1100 Turks Head Building
Providence, RI 02903
Telephone: 401-272-9000
Facsimile: 401-272-9020

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of September, 2005, I mailed a true copy of the within "Plaintiffs' Emergency Motion to Stay Arbitration Proceedings" via facsimile and first-class mail, postage prepaid to:

Steven M. Richard, Esq.
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (Facsimile)

Joanne H. Turner, Esq.
Mackall Crounse & Moore PLC
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
(612) 305-1400
(612) 305-1414 (Facsimile)

Renee R. Mobley
Case Manager
American Arbitration Association
13455 Noel Road Suite 1750
Dallas, TX 75240
(972) 702-8222
(972) 490-9008

[signature]