**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

RICHARD DEFAZIO and
RLD TECHNOLOGIES, INC.,

C.A. No. 2005-180-S

Plaintiffs,

v.

EXPETEC CORPORATION,

Defendants.

---

**DEFENDANT'S OBJECTION TO PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY STAY OF ARBITRATION PROCEEDINGS**

---

Defendant Expetec Corporation hereby objects to Plaintiffs' Emergency Motion for a stay of arbitration proceedings.

In support of its objection, Defendant has filed a Memorandum of Law.

Respectfully submitted,

Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
(401) 454-1000
(401) 454-1030 (facsimile)

Joanne H. Turner (MN # 235787)
Mackall, Crounse & Moore, PLC.
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
(612) 305-1400
(612) 305-1414 (facsimile)

ATTORNEYS FOR
EXPETEC CORPORATION

CERTIFICATE OF SERVICE

I certify that I mailed a copy of this Objection on September 30, 2005 to Michael A. Marciano, Esq., Kaplan & Associates, 1100 Turks Head Place, Providence, Rhode Island 02903.

Steven [signature]
_______________________

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

RICHARD DEFAZIO and
RLD TECHNOLOGIES, INC.,

C.A. No. 2005-180-S

Plaintiffs,

v.

EXPETEC CORPORATION,

Defendant.

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S OBJECTION TO**
**PLAINTIFFS' EMERGENCY MOTION TO STAY ARBITRATION**

---

To merit enjoining the arbitration scheduled for October 18 until after Plaintiffs' appeal is heard on October 21, Plaintiffs must show a likelihood they will succeed on the merits of their claim that their complaints against Expetec are not subject to arbitration. Plaintiffs have failed to meet their burden.

## FACTUAL BACKGROUND

Plaintiff Richard DeFazio signed a Franchise Agreement with Expetec in September 2003. In February 2005, DeFazio's attorney notified Expetec he was terminating his relationship with Expetec effective immediately, a breach of DeFazio's Franchise Agreement. Expetec commenced arbitration against DeFazio and RLD Technologies in March 2005. DeFazio and RLD Technologies responded by filing suit against Expetec in April 2005, which was properly removed to this Court. DeFazio and RLD Technologies never answered Expetec's Demand for Arbitration, and have filed no counterclaims against Expetec in arbitration.

By letter to the American Arbitration Association dated April 18, 2005, counsel for DeFazio and RLD Technologies argued Expetec's claims were not subject to arbitration. Plaintiffs argued: (1) Rhode Island law prevented arbitration outside the State of Rhode Island; (2) because of the Rhode Island Addendum to the UFOC, disputes between DeFazio and Expetec were not longer subject to arbitration; and (3) because all ambiguities in the Franchise Agreement must be construed against Expetec, disputes arising under the Franchise Agreement are not subject to arbitration. After consideration of Plaintiffs' arguments, by letter dated May 12, 2005, the AAA notified the parties it would proceed with arbitration pursuant to AAA rules.

In the meantime, in lieu of an answer to plaintiffs' Complaint or counterclaim, Expetec moved to stay these proceedings pending arbitration. Expetec's motion was argued on June 14, 2005. In July, the arbitrator appointed in the AAA proceeding conducted a preliminary conference at which the schedule for arbitration was set. Under AAA rules, Expetec's claims would ordinarily have been heard within 30 days of the appointment of the arbitrator. In this case, the hearing was delayed until October, at least in part to accommodate this Court's proceedings. Counsel for Plaintiffs did not object to the October 14 arbitration hearing date and, in fact, the October 14 date was chosen to accommodate their trial schedule. During a telephone conference on September 28, the arbitration hearing was further postponed, at Plaintiffs' request, to Tuesday, October 18, to accommodate Mr. DeFazio's work schedule.

On September 6, 2005, Magistrate Judge Martin recommended Plaintiffs' Complaint be dismissed in its entirety because, the Magistrate found, all of Plaintiffs' claims were subject to arbitration. The Magistrate rejected Plaintiffs' argument that the

Addendum to the Uniform Franchise Offering Circular for the State of Rhode Island somehow deleted the arbitration provision from the Franchise Agreement. Plaintiffs have objected to the Magistrate Judge's recommendation, which objections are to be heard on Friday, October 21.

Meanwhile, Plaintiffs renewed their arguments to the AAA. On September 23, Plaintiffs moved to dismiss Expetec's claims in arbitration on grounds the arbitration provision in the Franchise Agreement had been eliminated by the Rhode Island Addendum to the UFOC. On September 28, the arbitrator appointed by the AAA denied Plaintiffs' motion.

Plaintiffs now again ask this Court to stay the AAA arbitration. Plaintiffs present no new grounds, and make no new arguments.

**ARGUMENT**

In determining whether to grant the requested injunction, this Court must consider the following factors: (1) the likelihood Plaintiffs will succeed on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of harms; and (4) the effect, if any, of the Court's ruling on the public interest. Ross-Simons of Warwick, Inc. v. Baccarat, *102 F.3d 12 (1st Cir. 1996).* Consideration of these factors show Plaintiffs have not met their burden, and their motion to stay arbitration must be denied.

**A. Plaintiffs are unlikely to succeed on the merits of their motion.**

The First Circuit has described the likelihood of success on the merits as the "main bearing wall" of the four-factor test. Ross-Simons of Warwick, supra *at16.* Plaintiffs devote a significant portion of their brief to discussing the merits of their underlying claims against Expetec. Plaintiffs miss the point. In ruling on Plaintiffs'

motion for injunction, the issue for this Court is not the merits of Plaintiffs' underlying claims against Expetec, but rather the merits of Plaintiffs' motion to stay arbitration.

That is, Plaintiffs must show it is likely their claims are not subject to arbitration. This Plaintiffs have failed to do. The arbitration provision in the parties' Franchise Agreement is broad:

> Except as specifically modified by this section, and excepting matters involving provisional remedies as set forth in section 11(B)(3), any controversy or claim relating to this Agreement, including default, and any claim that this Agreement, or any part, is invalid, illegal or otherwise voidable or void, shall be submitted for arbitration before the American Arbitration Association, in accordance with its commercial arbitration rules, or any other mutually agreed upon arbitration association.

*Franchise Agreement, Section 11(B).* Thus, Plaintiffs' claims against Expetec for breach of contract, fraud, and unjust enrichment are all subject to arbitration.

**B. Plaintiffs will suffer no irreparable harm if required to arbitrate Expetec's claims against them.**

There is a second, fundamental, problem with Plaintiffs' motion. Plaintiffs claim:

> Without judicial intervention, Plaintiffs will be forced to arbitrate a matter that no official body has determined is rightfully arbitrable. Upon Plaintiff's [sic] duly filed Objection, this Court determined that the arbitrability of a matter already before the Court needed to be further examined. The insistence upon arbitration would deprive this Court of fulfilling its stated wishes, and deny the Plaintiffs their rightful day in court.

*Plaintiffs' Memorandum at p. 4.* To the contrary, Plaintiffs cannot show they will be irreparably harmed if the October 18 arbitration is allowed to proceed, because Plaintiffs have made no claims in that proceeding, and Expetec has made no claims in this litigation. Plaintiffs submitted no Answering Statement to the American Arbitration Association, and have asserted no counterclaims against Expetec, as is their right. If

Plaintiffs do not wish to bring claims against Expetec in arbitration, nothing requires them to do so.

As a result, the only claims which will be arbitrated on October 18 are Expetec's claims against Mr. DeFazio and his corporation for breach of the Franchise Agreement, claims which Plaintiffs have conceded fall with the scope of the arbitration provision of the Franchise Agreement. At the same time, Expetec has made no claims against Plaintiffs in this forum. The arbitrability of Expetec's claims against Plaintiffs is not before this Court.

**C. The balance of equities weighs against enjoining the arbitration.**

Because the only claims to be arbitrated on October 18 are Expetec's claims against Mr. DeFazio and his corporation, the balance of equities weighs against enjoining the arbitration. Under AAA rules, the hearing on Expetec's claims ordinarily would have been conducted within 30 days of the appointment of the arbitrator. In this case, the parties have already delayed the hearing to October. The arbitrator and the parties have arranged their schedules to hold the hearing. Moreover, any further delay in the hearing prejudices Expetec, which has received no royalties or other fees from Mr. DeFazio since February 2005. At the same time, Plaintiffs can show no prejudice, since they have asserted no claims in arbitration.

**D. Plaintiffs' motion does not preserve the status quo.**

Finally, Plaintiffs' motion does not preserve the status quo. The status quo is that Expetec's claims against Plaintiffs are scheduled to be arbitrated. Plaintiffs' motion alters the status quo by preventing the AAA from hearing Expetec's claims.

## CONCLUSION

For the foregoing reasons, Plaintiffs' emergency motion to stay arbitration should be denied.

Respectfully submitted,

Steven M. Richard (#4403)
NIXON PEABODY LLP
One Citizens Plaza, Suite 700
Providence, RI 02903-1345
(401) 454-1000
(401) 454-1030 (facsimile)

Joanne H. Turner (MN # 235787)
MACKALL, CROUNSE & MOORE, PLC
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
(612) 305-1484
(612) 305-1414 (facsimile)

ATTORNEYS FOR DEFENDANT

JHT/jht/758842v1

CERTIFICATE OF SERVICE

I certify that I mailed a copy of this Memorandum on September 30, 2005 to Michael A. Marciano, Esq., Kaplan & Associates, 1100 Turks Head Place, Providence, Rhode Island 02903.

[signature]