**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

RICHARD DEFAZIO and
RLD TECHNOLOGIES, INC.,

Plaintiffs,

v.

EXPETEC CORPORATION,

Defendant.

C.A. No. 2005-180-S

**EXPETEC'S MEMORANDUM OF LAW FOLLOWING ORAL ARGUMENT ON PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION**

During oral argument on Plaintiff's objection to the Magistrate's Report and Recommendation, the Court requested supplemental briefs on two questions: (1) whether Plaintiffs may waive a claim for punitive damages in arbitration in connection with Count III of the Complaint; and (2) whether Expetec's motion to dismiss should be converted to one for summary judgment because of the Magistrate's consideration of materials outside the scope of the Complaint. Expetec answers both questions in the affirmative.

## A. A PARTY MAY WAIVE A CLAIM FOR PUNITIVE DAMAGES IN ARBITRATION.

The United States Supreme Court has upheld the parties' ability to limit the remedies available in arbitration, including the right to waive claims for punitive damages. However, the question of remedies in arbitration is, in the first instance, a question for the arbitrator. This Court's consideration is limited to whether the parties' claims fall within the scope of the agreement to arbitrate.

**1. The question of remedies is for the arbitrator.**

Initially, the question of remedies is one for the arbitrator. That is, under the Federal Arbitration Act it is up to the arbitrator to determine the appropriate remedies and, in this case, to decide whether Plaintiffs may be awarded punitive damages for their claim they were fraudulently induced to purchase a van from Expetec. Faber v. Menard, Inc., 367 F.3d 1048 (8th Cir. 2004). Thus this Court's decision is appropriately limited to whether Count III of the Complaint falls within the scope of the parties' agreement to arbitrate "any controversy or claim relating to this Agreement." As the Magistrate appropriately found, Count III of the Complaint relates to the Franchise Agreement in that the Complaint specifically alleges "[a]s part of the Agreements Plaintiffs were required to purchase a van that had the 'Expetec' logo affixed to it." *Complaint ¶ 17.* This Court should adopt the Report and Recommendation and dismiss Count III as subject to mandatory arbitration. It will then be up to the arbitrator to determine whether punitive damages are available in arbitration or are barred by the parties' agreement.

**2. A party may waive a claim for punitive damages in arbitration.**

Nevertheless, the law is clear that a party may waive a claim for punitive damages in arbitration. In Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U. S. 52, 115 S. Ct. 1212, 131 L.Ed.2d 65 (1995), the United States Supreme Court addressed an arbitration provision which was completely silent on the question of punitive damages, but which applied the law of a state (New York) which prohibited the award of punitive damages in arbitration. The court found that because the arbitration agreement did not specifically bar punitive damages, the arbitrator was within his authority to award them. However, the court observed, its earlier decision in Volt Information Sciences, Inc. v. Board of

Trustees of Leland Stanford Junior Univ., 489 U. S. 468, 109 S. Ct. 1248, 103 L.Ed.2d 488 (1989) implies the parties to a contract "may lawfully agree to limit the issues to be arbitrated by waiving any claim for punitive damages." 514 U. S. at 58, 115 S. Ct. at 1216.

While this Court has yet to consider the question, the Supreme Court's decision in Mastrobuono is widely interpreted by other courts to mean provisions in arbitration agreements which prohibit punitive damages are generally enforceable. *See, e.g.,* Investment Partners, L.P. v. Glamour Shots Licensing, Inc., 298 F.3d 314 (5th Cir. 2002); Martin v. SCI Management LP, 296 F.Supp.2d 462, 469 (S.D.N.Y. 2003) ("The Supreme Court has made clear that the FAA preempts the *Garrity* rule unless the parties expressly intend to preclude the arbitrator from awarding punitive damages."); Primeco Personal Communications v. Commonwealth Distributors, Inc., 740 So.2d 585, 587 (Fla. App. 3 Dist. 1999) (reversing the arbitrator's award of punitive damages because "the parties have contractually agreed that neither party will be able to recover punitive damages from the other in connection with any claim or controversy that must be submitted to arbitration pursuant to the contract"); 7-Eleven, Inc. v. Dar, 757 N.E.2d 515, 523 (Ill. App. 1st Dist. 2001) (arbitrators may award punitive damages only where the parties have expressly agreed to the arbitrator's authority to award punitive damages). Indeed, the First Circuit has observed that the arbitrator's latitude in crafting remedies is specifically subject to the parties' arbitration agreement. Advest, Inc. v. McCarthy, 914 F.2d 6, 10-11 (1st Cir. 1990) (arbitrator possess latitude in crafting remedies "subject to the terms of the empowering clause"); S. D. Warren Co. v. United Paperworkers' Int'l Union, Local

1069, 845 F.2d 3, 8 (1st Cir. 1988) (where the parties pre-negotiate remedies, the arbitrator lacks authority to depart from them).

Here, the parties' agreement prescribes the scope of the remedies which may be awarded in any dispute between them: "No punitive or exemplary damages shall be awarded against either US or YOU in an arbitration, proceeding, a judicial proceeding, or otherwise, and are hereby waived." *Franchise Agreement at ¶ 11(B)(1), attached as Exhibit 1 to the Declaration of Joanne H. Turner (April 28, 2005).* There can be no claim Plaintiffs were coerced into signing the Franchise Agreement, and Plaintiffs do not claim they were fraudulently induced to waive their claims for punitive damages.

The Franchise Agreement's voluntary and mutual limitation on punitive damages is enforceable in arbitration, and affords no basis for denying Expetec's motion to enforce arbitration with respect to Count III of the Complaint.

## B. THIS COURT SHOULD CONVERT DEFENDANT'S MOTION TO ONE FOR SUMMARY JUDGMENT.

Finally, Expetec asks the Court to convert its motion to one for summary judgment.

Under Fed. R. Civ. P. 12(b):

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . .

Here, the Magistrate requested a copy of the Uniform Franchise Offering Circular, and specifically referenced the UFOC in his Report and Recommendation. *See Report and Recommendation at pp. 6 – 9.* By doing so, the Magistrate effectively converted Expetec's motion to one for summary judgment.

Plaintiffs cannot be prejudiced by such conversion. They have had notice since June that the Magistrate was considering the UFOC in conjunction with the motion. Plaintiffs have not claimed, nor could they, there is any additional material which is pertinent to the question of the arbitrability of their claims.

Because the Magistrate considered matters outside the scope of the Complaint, Expetec's motion should be considered one for summary judgment.

## CONCLUSION

For the foregoing reasons, the Magistrate's Report and Recommendation should be adopted by the Court as to all counts of the Complaint. Plaintiffs' Complaint must be dismissed, with prejudice and on its merits, because all counts of the Complaint are subject to mandatory arbitration.

Respectfully submitted,

Steven M. Richard (#4403)
NIXON PEABODY LLP
One Citizens Plaza, Suite 700
Providence, RI 02903-1345
(401) 454-1000
(401) 454-1030 (facsimile)

Joanne H. Turner (MN # 235787)
MACKALL, CROUNSE & MOORE, PLC.
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
(612) 305-1400
(612) 305-1414 (facsimile)

ATTORNEYS FOR
EXPETEC CORPORATION

JHT/jht/763839v1

CERTIFICATE OF SERVICE

I certify that I mailed a copy of this memorandum on November 4, 2004 to the following counsel of record:

Michael Marciano, Esq.
R. Park Palmer, Esq.
Kaplan & Associates, Inc.
1100 Turks Head Building
Providence, RI 02903