UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                 )
RICHARD DEFAZIO and              )
RLD TECHNOLOGIES, INC.,          )
                   Plaintiffs,   )
                                 )
     v.                          )     C.A. No. 05-180S
                                 )
EXPETEC CORPORATION f/k/a COMPUTER )
DOCTOR INTERNATIONAL, INC.,      )
                   Defendant.    )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Before this Court is Magistrate Judge Martin's September 6, 2005 Report and Recommendation ("R&R"). The R&R recommends granting Defendant's Motion to Dismiss and/or Stay Pending Arbitration and denying Plaintiffs' Motion to Stay Arbitration Proceedings. This Court has reviewed the R&R, Plaintiffs' Objection to the R&R, and Defendant's Opposition to Plaintiffs' Objection. Oral argument was held on October 21, 2005. Review of the R&R is de novo. Fed. R. Civ. P. 72(b).

Dissolution of the parties' franchise relationship resulted in a dispute that Plaintiffs seek to resolve here, in court, while Defendant seeks resolution in arbitration. The facts and travel of the case are set forth in detail in the R&R, and need not be repeated here. See R&R at 1-4.

Plaintiffs raise two primary objections to the R&R. They first urge this Court to interpret the Addendum to the Uniform

Franchise Offering Circular for the State of Rhode Island ("Addendum") as an addendum to the Franchise Agreement.  If this were the case, then the Franchise Agreement's arbitration provision would be eliminated, making this Court a proper forum.  Magistrate Judge Martin rejected this argument.  He determined that the Addendum is an addendum to the Franchise Offering Circular ("FOC"), and not the Franchise Agreement; and therefore the Franchise Agreement's arbitration provision survives the Addendum.[1]  Thus, it follows that Plaintiffs have agreed to arbitrate claims or controversies related to the Franchise Agreement.  In their objection, Plaintiffs reiterate these arguments, while Defendant urges adoption of the R&R.

Magistrate Judge Martin's thorough and well reasoned analysis on this issue is fully supported by the factual record and the applicable law.  Therefore, this Court accepts and adopts the findings in the R&R regarding the impact of the Addendum on the Franchise Agreement and the result that the arbitration provision of the Franchise Agreement remains applicable.[2]

Second, Plaintiffs object to Magistrate Judge Martin's conclusion that issues regarding the so-called Technical Assault

---

[1]  The logic here is clear:  one document is entitled "Franchise Offering Circular" and the other "Addendum to Uniform Franchise Offering Circular."

[2] This portion of the R&R is entitled "1. The Language of the Agreements," and appears on page six through page thirteen.

Vehicle ("van") fall within the scope of the arbitration agreement. Plaintiffs maintain that the purchase of the van, from a third-party dealer, is unrelated to the Franchise Agreement and therefore disputes regarding this matter should be resolved in court and not by arbitration.  They point out that the Franchise Agreement did not require the purchase of a van, nor did it require the purchase of this particular van.   Rather, the Franchise Agreement only required a neat, clean, white vehicle with Expetec logos affixed. Plaintiffs suggest that the van purchase was no more "related to" the Franchise Agreement than a case of food poisoning at a franchise conference would be.

Defendant, on the other hand, urges adoption of the R&R, contending that the van was a "demonstrator" model purchased from Expetec, and that the van is "related to" the Franchise Agreement. Defendant further points to paragraph seventeen of Plaintiffs' Complaint, wherein it states:   "Plaintiffs were required to purchase a van that had the 'Expetec' logo affixed to it."

The question of whether or not the van dispute is governed by the arbitration provision is a matter for this Court to decide. Absent "'clea[r] and unmistakabl[e]' evidence to the contrary," courts, not arbitrators, decide "gateway matters," such as whether arbitration clauses are valid or whether arbitration clauses apply to certain controversies.   <u>Green Tree Fin. Corp. v. Bazzle</u>, 539 U.S. 444, 452 (2003); <u>Marie v. Allied Home Mortgage Corp.</u>, 402 F.3d

3

1, 10 n.7 (1st Cir. 2005) (courts decide substantive arbitrability issues). Since there is no evidence that the parties agreed "to submit the arbitrability question itself to arbitration," the arbitrability question is one for this Court. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995); see also Shaw's Supermarkets, Inc. v. United Food and Commercial Workers Union, Local 791, AFL-CIO, 321 F.3d 251, 254 (1st Cir. 2003) ("questions of arbitrability . . . are committed to the courts"). In deciding this question, the Court remains mindful that "[t]he Supreme Court has repeatedly enforced the federal policy favoring arbitration where the controversy concerns the scope of the arbitration clause itself." Puerto Rico Tel. Co., Inc. v. U.S. Phone Mfg. Corp., 427 F.3d 21, 26 (1st Cir. 2005).

The arbitration provision in the Franchise Agreement is broad, encompassing "any controversy or claim relating to this agreement." Franchise Agreement at § 11(B); R&R at 3 n.1.  Although the purchase of this particular van was not required by the Franchise Agreement, the van's existence and specifications are set forth therein.  The van is related to the Franchise Agreement because Plaintiffs purchased it to satisfy an obligation under that agreement.  And, as mentioned above, paragraph seventeen of the Complaint contains the following: "As part of the Agreements Plaintiffs were required to purchase a van that had the 'Expetec' logo affixed to it." Furthermore, even in close cases, "any doubts

4

concerning the scope of arbitrable issues should be resolved in favor of arbitration." <u>Puerto Rico Tel.</u> at 27 (quoting <u>Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24-25 (1983)).

Plaintiffs objection is without merit. The van dispute shall be heard by an arbitrator. Accordingly, the Magistrate's finding that the van dispute is within the scope of the arbitration agreement is affirmed.[3]

At the October 21, 2005 hearing, two additional issues arose: (1) whether this Court should preclude fraud claims from going to arbitration because the arbitration provision precludes an award of punitive damages; and (2) whether Defendant's motion to dismiss has been converted into a motion for summary judgment. Since neither question was addressed in the R&R or in the memoranda, this Court invited the parties to file post-argument memoranda. After review of these memoranda, this Court answers both questions in the negative.

On the fraud issue, Defendant argues that one may waive a claim for punitive damages in arbitration, and further, because this question is one of remedy, it is for the arbitrator to decide. Plaintiffs, however, maintain that they have not waived their fraud claims and that their fraud claims are not subject to arbitration.

---

[3] This portion of the R&R is entitled "2. Count III (the Van)," and appears on pages thirteen through fifteen.

Concern with the fraud claims stems from the Franchise Agreement's preclusion of punitive damages.[4]   However, the preclusion of a certain type of damages "does not go to the arbitrability of the claims but only to the nature of available relief." MCI Telecomm. Corp. v. Matrix Commc'n Corp., 135 F.3d 27, 33 n.12 (1st Cir. 1998); see also PaineWebber Inc. v. Elahi, 87 F.3d 589, 599 (1st Cir. 1996) ("the signing of a valid agreement to arbitrate the merits of the subject matter in dispute presumptively pushes the parties across the 'arbitrability' threshold; we will then presume that other issues relating to the substance of the dispute or the procedures of arbitration are for the arbitrator"). Since the "availability of punitive damages" is distinct from the issue of whether or not the parties have agreed to arbitrate, it "is for the arbitrator to decide." Great W. Mortgage Corp. v. Peacock, 110 F.3d 222, 232 (3d Cir. 1997). Both the United States Supreme Court and this Circuit have sanctioned the arbitration of fraud claims. See, e.g., Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 400 (1967) (notwithstanding a state rule to the contrary, a claim of fraud in the inducement is for the arbitrator, not the court); MCI Telecomm., 135 F.3d at 33 (affirming district court's compelling arbitration of fraud claim).   Therefore, the

---

[4] On page thirty, the Franchise Agreement states:   "No punitive or exemplary damages shall be awarded against either US or YOU in an arbitration proceedings, and are hereby waived."

preclusion of punitive damages is an issue for the arbitrator to contend with, not one for this Court.

Turning to the second question, both Magistrate Judge Martin and this Court considered the FOC. Defendant argues that by considering the FOC, "matters outside the pleading" have been considered; therefore, its motion has been converted into one for summary judgment. Fed. R. Civ. P. 12(b). Plaintiffs disagree, arguing first that the motion is not a 12(b)(6) motion, and second, that even if Defendant's motion was a 12(b)(6) motion, consideration of the FOC did not convert the motion into one for summary judgment.

For present purposes, this Court will assume, without deciding, that the Defendant's motion is a 12(b)(6) motion.[5] Courts may not ordinarily "consider any documents that are outside of the complaint, or not expressly incorporated therein," without converting the motion "into one for summary judgment." <u>Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 267 F.3d 30, 33 (1st Cir. 2001). However, it is well recognized that "[w]hen the complaint relies upon a document, whose authenticity is not challenged, such a document 'merges into the pleadings' and the

---

[5] Plaintiffs correctly point out that "12(b)(6)" does not appear anywhere in Defendant's papers. Motions seeking dismissal, or in the alternative a stay pending arbitration, have been considered as both 12(b)(1) and 12(b)(6) motions. <u>Compare Buckley v. Gallo Sales Co.</u>, 949 F. Supp. 737, 739 (N.D. Cal. 1996) ((12(b)(1)) <u>with PaineWebber Inc. v. Bybyk</u>, 81 F.3d 1193, 1197 (2d Cir. 1996) ((12(b)(6)).

court may properly consider it under a Rule 12(b)(6) motion to dismiss." _Id._ at 33 (quoting _Beddall v. State St. Bank & Trust Co._, 137 F.3d 12, 17 (1st Cir. 1998)).   In other words, "when a complaint's factual allegations are expressly linked to — and admittedly dependent upon — a document (the authenticity of which is not challenged), then the court can review it upon a motion to dismiss." _Id._ at 34 (internal quotation marks and citation omitted); _see also Perry v. New England Bus. Serv., Inc._, 347 F.3d 343, 345 n.2 (1st Cir. 2003).

Review of the FOC was necessary to determine whether or not the present controversy belongs before an arbitrator or before this Court.   Neither party questions the authenticity of the FOC. Therefore, the FOC has merged with the pleadings.   Consideration of the FOC by both Magistrate Judge Martin and this Court has not converted the motion to dismiss into a motion for summary judgment.[6]

For the foregoing reasons, Plaintiffs' Objection is DENIED. This Court adopts Magistrate Judge Martin's September 6, 2005

---

[6] Since there is no possibility of conversion into a summary judgment motion here, this Court need not determine whether Defendant's failure to describe its motion as one under Rule 12(b)(6) of the Federal Rules of Civil Procedure prevents conversion.

8

Report and Recommendation in full.  Plaintiffs' Motion to Stay is DENIED and Defendant's Motion to Dismiss is GRANTED.

By Order:

_____
Deputy Clerk

Enter:

_____
William E. Smith
United States District Judge

Date: 1/19/06

9